UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| USA, | CASE NO. CR14-100 MJP |
| Plaintiff, | ORDER |
| v. | |
| SETH MORGAN, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release under 18 USC § 3852(c)(1)(A)(i) (Dkt. No. 228), the Government's Motion for Leave to File and Overlength Brief (Dkt. No. 236), and the Government's Motion to Seal (Dkt. No. 238). Having reviewed the Motions, the Government's response to Defendant's Motion (Dkt. No. 237), Defendant's Reply (Dkt. No. 240), the report from U.S. Probation and Pretrial Department (Dkt. No. 235), and all supporting exhibits, declarations, and relevant materials in the record, the Court:

    1. DENIES Defendants' Motion for Compassionate Release;

ORDER - 1

2. GRANTS the Government's Motion to File an Overlength Brief; and

3. GRANTS the Government's Motion to Seal.

# BACKGROUND

On September 29, 2015, the Court sentenced Defendant Seth Morgan to 180 months' custody and 5 years' supervised release following a guilty finding of one count of felon in possession of a firearm, one count of possession of methamphetamine with intent to distribute, one count of possession of heroin with intent to distribute and one count of possession of a firearm in furtherance of drug trafficking. Morgan has a significant adult criminal history, with prior adult felony convictions for second degree robbery, third degree rape, possession with intent to deliver heroin and cocaine, and unlawful possession of a firearm.

Morgan, age 39, is serving his sentence at Terre Haute USP with a release date of January 16, 2027. He suffers from myopia, Type 1 diabetes mellitus with diabetic neuropathy, Type 2 diabetes mellitus, stimulant related disorders, and anxiety. Morgan has had a number of infractions while in custody over past seven years, including a disputed infraction accusing Morgan of possessing a weapon in his cell in 2017. But he has not had any infractions since 2017.

# ANALYSIS

**A.  Defendant's Motion to Reduce Sentence**

Three conditions must be met before a previously imposed sentence may be reduced under the First Step Act:

> (1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);

  (2) The inmate has presented extraordinary and compelling reasons for the reduction; and

  (3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

18 U.S.C § 3582(c)(1)(A). The Sentencing Commission's policy statement is as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

18 U.S.S.G. Appx. § 1B1.13. The Sentencing Commission's policy statement is binding on this Court. See Dillon v. United States, 560 U.S. 817, 827 (2010).

  Since the passage of the First Step Act, the Sentencing Commission has not provided guidance to the District Courts as to the definition of "extraordinary and compelling reasons." Be that as it may, the Court finds the Commission's definition of the term "extraordinary and compelling reasons" instructive. That guidance suggests that "extraordinary and compelling reasons" should de determined by examining: (1) the medical condition of the defendant, including any terminal illness, serious physical or medical conditions, serious functional or cognitive impairment or deteriorating physical or mental health due to advancing age that diminishes the defendant's ability to provide self-care in prison and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing serious

ORDER - 3

deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) family circumstances including the death or incapacitation of the caregiver of the defendant's minor child or spouse or registered partner when the defendant would be the only available caregiver; and (4) other reasons that are not specifically defined. U.S.S.G. § 1B1.13, app. note 1.

Morgan does not meet the guidelines for compassionate release under the First Step Act and has not shown extraordinary and compelling reasons to reduce his sentence under 18 USC § 3852(c)(1)(A)(i). First, Morgan has exhausted his administrative remedies—the parties do not dispute this. Second, Morgan has not claimed to be suffering from a terminal illness or a serious physical or medical condition. U.S.S.G. § 1B1.13 cmt. n.1; see Dkt. No. 40 at 4. The Court acknowledges Morgan's concern that his Type 2 diabetes raises his risk of serious complications from Covid-19 infection, though the Court does not find this dispositive. Third, Morgan is not 65 years old and is not "experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt. n.1; see Dkt. No. 40 at 4. Fourth, Morgan has not demonstrated family circumstances that show an extraordinary or compelling reason to justify his early release. Having considered these factors, the Court does not find compelling and extraordinary circumstances warrant Morgan's early release. Morgan's diabetic condition is alone not sufficient to warrant finding compelling and extraordinary circumstances on this record.

Even if Morgan had shown an extraordinary or compelling reason for release, he has not convinced the Court that he "is not a danger to the safety of any other person or to the community." 18 U.S.S.G. Appx. § 1B1.13. Morgan's underlying offense involved possession of weapons as a felon and he has a lengthy adult criminal history including robbery, rape, and

firearm felonies. Morgan has also had many infractions while in custody, including one for possessing a weapon, and he has previously failed to succeed on supervised release. So while U.S. Probation has approved Morgan's plan of release, the Court cannot conclude that Morgan would not pose a danger to the safety of the community. This is an independent basis on which the Court finds early release inappropriate.

The Court therefore DENIES Morgan's Motion for Early Release.

**B.  Government Motions**

The Court GRANTS the Government's Motion to Seal, as the materials they have filed contain sensitive personal information that should not be publicly available. And the Court finds good cause to permit the Government to file an overlength brief and GRANTS the Motion for Leave.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 10, 2021.

Marsha J. Pechman
United States District Judge